[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Should the Court grant the defendant's motion to strike the second count of the plaintiff's complaint on the grounds that the count fails to state a cause of action and is improperly joined to the first count of the complaint?
FACTS
This action is an appeal from a decision of the CT Page 10812 board of tax review of the defendant, the City of New London, not to reduce the 1991 assessment of certain property owned by the plaintiff, DeMatteo Construction.
On June 8, 1992, the plaintiff filed an appeal from a decision of the board of tax review of the City of New London denying the plaintiff relief from an allegedly excessive assessment of plaintiff's property. The appeal has two counts.
In count one, the plaintiff alleges that in its October 1, 1991 assessment of its property, the assessor of the defendant city "improperly determined the true and actual value of . . . and has overvalued and overassessed [the subject property]." (Pleadings, plaintiff's appeal complaint). The plaintiff further alleges that it appealed this assessment to the board of tax review of the defendant city but that the board did not reduce the assessment.
In count two, the plaintiff alleges that "the assessor established a rule for the assessment of properties similar to the property for the 1989, 1990 and 1991 grand lists so that all real property is assessed at 70 percent of the fair market value of such property as of October 1, 1988." (Pleadings, plaintiff's appeal complaint.) The plaintiff further alleges that the value of the property as assessed on October 1, 1991 by the defendant city "does not accord with the rule established by the assessor as aforesaid is disproportionate, excessive and unfair." (Pleadings, plaintiff's complaint).
The plaintiff requests that the value of the property be reduced to reflect its true and actual value.
On September 8, 1992, the defendant city moved to strike the second count of the plaintiff's complaint on the grounds that "[a]s more fully set forth in the attached Memorandum of Law, the Second Count fails to state a claim upon which relief can be granted, and joins two causes of action which cannot properly be united in one Complaint." (Pleadings, defendant's motion to strike).
The defendant argues in its memorandum of law submitted in support of its motion to dismiss that General Statutes 12-118 creates a limited remedy of appeal for CT Page 10813 parties aggrieved by the actions of tax review boards. Because the plaintiff's allegations in the second count do not state a claim that is within the scope of the remedies available under this statute, the defendant argues that the Court should strike the second count.
In addition, the defendant argues that the plaintiff's complaint joins two separate causes of action which should be asserted in separate complaints. Therefore, the defendant argues that the second count should be stricken.
On October 26, 1992, the plaintiff filed a memorandum of law in opposition to the motion to strike. The plaintiff argues that the second count focuses on the relationship between the October 1, 1991 assessment appealed from and the October 1, 1988 assessment, the date of the last revaluation in New London. The plaintiff argues that such a cause of action was recognized in Hartford Fire Insurance Company v. City of Hartford, D.N. CV-86-317300, (Kaplan, J.). The plaintiff further argues that the count is properly joined with the first count.
DISCUSSION
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling upon a motion to strike, the court must take as admitted all well pled facts and construe them in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206,218-19, 520 A.2d 217 (1987).
"Each motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency." Practice Book 154; Blancato v. Feldspar Corporation, 203 Conn. 34,36, n. 3, 522 A.2d 1235 (1987). A motion to strike that does not specify the grounds of insufficiency is fatally defective. Id. CT Page 10814
 Practice Book 155 which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies does not dispense with the requirement of 154 that the reasons for the claimed pleading deficiency be specified in the motion itself.
King v. Board of Education, 195 Conn. 90, 94, n. 4,486 A.2d 1111 (1985).
The defendant's motion to strike states that "[a]s more fully set forth in the attached Memorandum of Law, the Second Count fails to state a claim upon which relief can be granted. . . ." (Pleadings, defendant's motion to strike). The defendant does not specify the reason for its alleged insufficiency. Notwithstanding, in its memorandum of law the defendant argues that the second count is legally insufficient because it does not state a cause of action recognized in General Statutes 12-118, the statutory authority for tax board appeals.
The issue was not properly raised in the motion itself and therefore the issue is not before the Court for consideration. See King, supra, 94, n. 4.
The defendant's motion to strike states that "[a]s more full set forth in the attached Memorandum of Law, the Second Count . . . joins two causes of action which cannot properly be united in one Complaint." (Pleadings, defendant's motion to strike). This is the second ground upon which the defendant bases its motion to strike.
The defendant's claim is not a basis for a motion to strike. First, a plaintiff may unite several causes of action in one complaint. Practice Book 131. Second, a motion to strike is not the proper vehicle for challenging the plaintiff's inclusion of improper allegations in its complaint. Instead,
 Whenever any party desires to obtain . . . the deletion of unnecessary, repetitious, . . . immaterial or otherwise CT Page 10815 improper allegations in an adverse party's pleadings . . . or any other appropriate correction in an adverse party's pleading, the party desiring any such amendment . . . may file a timely request to revise that pleading.
Practice Book 147.
In conclusion, the Court finds that both of the grounds given by the defendant in support of its motion to strike are insufficient to support said motion and the Court hereby denies the motion to strike.
HURLEY, J.